IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP 26 2018

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

**KINYATTA RINGO and AYONNA
PENNINGTON, Each Individually and on
Behalf of All Others Similarly Situated**                                 **PLAINTIFFS**

vs.                                     No. 4:18-cv-*715-DPM*

**CHECKERS DRIVE-IN RESTAURANTS, INC.**                                    **DEFENDANT**

This case assigned to District Judge *Marshall*
and to Magistrate Judge *Ray*

### ORIGINAL COMPLAINT – CLASS AND COLLECTIVE ACTION

COME NOW Plaintiffs Kinyatta Ringo and Ayonna Pennington ("Plaintiffs"), each individually and on behalf of all others similarly situated, by and through their attorneys Chris Burks and Josh Sanford of the Sanford Law Firm, PLLC, and for their Original Complaint—Class and Collective Action against Defendant Checkers Drive-In Restaurants, Inc. ("Defendant"), they do hereby state and allege as follows:

### I.   PRELIMINARY STATEMENTS

1.   This is a class and collective action brought by Plaintiffs Kinyatta Ringo and Ayonna Pennington, each individually and on behalf of all hourly-paid shift leaders employed by Defendant at any time within a three-year period preceding the filing of this Complaint.

2.   Plaintiffs bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of

Defendant's failure to pay Plaintiffs and other hourly-paid shift leaders lawful overtime compensation for hours worked in excess of forty (40) hours per week.

3. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA and the AMWA as described, *infra*.

## II.  JURISDICTION AND VENUE

4. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. This complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action herein alleged; accordingly, this state cause of action would be expected to be tried with the federal claim in a single judicial proceeding. Therefore, this Court has supplemental jurisdiction over Plaintiffs' AMWA claims pursuant to 28 U.S.C. § 1367(a).

6. The acts alleged in this Complaint had their principal effect within the Jonesboro Division of the Eastern District of Arkansas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

7. Defendant does business in this District and a substantial part of the events alleged herein occurred in this District.

8. The witnesses to the overtime wage violations alleged in the Complaint reside in this District.

## III. THE PARTIES

9. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

10. Plaintiffs are each residents and citizens of Pulaski County.

11. Within the past three (3) years, Plaintiffs were employed by Defendant as hourly-paid shift leaders at Defendant's eateries in Little Rock.

12. At all times material herein, Plaintiffs and those similarly situated have been entitled to the rights, protections and benefits provided under the FLSA.

13. At all times relevant herein, Plaintiffs and those similarly situated who worked in Arkansas have been entitled to the rights, protections and benefits provided under the AMWA.

14. Defendant is an "employer" within the meanings set forth in the FLSA and the AMWA, and was, at all times relevant to the allegations in this Complaint, Plaintiffs' employer, as well as the employer of the members of the class and collective.

15. Defendant is foreign, for-profit corporation, registered and licensed to do business in the State of Arkansas.

16. Defendant's registered agent for service of process in Arkansas is Corporation Service Company, 300 Spring Building, Suite 900, 300 South Spring Street, Little Rock, Arkansas 72201.

17. During each of the three years preceding the filing of this Complaint, Defendant employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling,

selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

18. At all relevant times, Defendant continuously employed at least four (4) employees.

19. At all relevant times, Defendant's gross volume of sales made or business done has exceeded $500,000.00 per year.

## IV. FACTUAL ALLEGATIONS

20. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as if fully set forth in this section.

21. Defendant owns and operates several Checker's and Rally's restaurants throughout Arkansas and the surrounding states.

22. Plaintiffs and other shift leaders were paid an hourly rate by Defendant.

23. Plaintiffs and other shift leaders worked more than forty (40) hours in most workweeks.

24. Defendant routinely scheduled Plaintiffs and other shift leaders to work more than forty (40) hours in a single workweek.

25. It was Defendant's commonly applied practice to not pay Plaintiffs and other shift leaders for all of the hours during which they were performing labor for Defendant.

26. Defendant had a practice of not paying Plaintiffs and other shift leaders one and one-half (1.5) times their regular rate for all hours worked in excess of forty (40) hours per workweek.

27.   Plaintiffs and other shift leaders worked an average of ten to fifteen hours of overtime in most workweeks for Defendant for which they were not lawfully compensated.

28.   At all relevant times herein, Defendant has deprived Plaintiffs and all others similarly situated of a proper overtime premium for all of the hours they worked in excess of forty (40) hours in a week.

29.   Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiffs and all others similarly situated violated the FLSA and the AMWA.

## V.   REPRESENTATIVE ACTION ALLEGATIONS

### FLSA § 216(b) Collective

30.   Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

31.   Plaintiffs bring this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

32.   Plaintiffs brings their FLSA claim on behalf of all other shift leaders employed by Defendant at any time within the applicable statute of limitations period, who were denied a proper overtime premium of one and one-half (1.5) times their regular rate for all hours worked in excess of forty (40) per week and who are entitled to payment of the following types of damages:

A.   Payment for all hours worked, including payment of a lawful overtime premium for all hours worked for Defendant in excess of forty (40) hours in a workweek;

B.   Liquidated damages; and

C.   Attorneys' fees and costs.

33. In conformity with the requirements of FLSA Section 16(b), Plaintiffs have attached hereto as Exhibit "A" their written Consent to Join this lawsuit.

34. The relevant time period dates back three (3) years from the date on which Plaintiffs' Original Complaint—Class and Collective Action was filed and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

35. The members of the proposed FLSA Collective are similarly situated in that they share these traits:

A. They were paid hourly rates;

B. They recorded their time in the same manner; and

C. They were subject to Defendant's common practice not paying a lawful overtime premium for all hours worked over forty (40) hours per work week.

36. Plaintiff is unable to state the exact number of the potential members of the FLSA Collective but believes that the group exceeds 50 persons.

37. Defendant can readily identify the members of the Section 16(b) Collective. The names, physical addresses, electronic mailing addresses and phone numbers of the FLSA collective action members are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action members via first class mail, email and text message to their last known physical and electronic mailing addresses and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiffs' FLSA claim.

### B. AMWA Rule 23 Class

39. Plaintiffs bring this action on behalf of themselves and all other similarly situated employees, former and present, who were and/or are affected by Defendant's

willful and intentional violation of the AMWA pursuant to Rule 23 of the Federal Rules of Civil Procedure.

40. Plaintiffs propose to represent the class of hourly-paid shift leaders who are/were employed by Defendant within the relevant time period within the State of Arkansas.

41. Common questions of law and fact relate to all members of the proposed class, such as whether Defendant paid the members of the proposed class for all hours worked, including overtime in accordance with the AMWA.

42. Common questions of law and fact predominate over any questions affecting only the individual named Plaintiffs, and a class action is superior to other available methods for fairly and efficiently adjudicating the claims of the members of the proposed AMWA class.

43. The class members have no interest in individually controlling the prosecution of separate actions because the policy of the AMWA provides a bright-line rule for protecting all non-exempt employees. To wit: "It is declared to be the public policy of the State of Arkansas to establish minimum wages for workers in order to safeguard their health, efficiency, and general well-being and to protect them as well as their employers from the effects of serious and unfair competition resulting from wage levels detrimental to their health, efficiency, and well-being." Ark. Code Ann. § 11-4-202.

44. Plaintiffs are unable to state the exact number of the potential members of the AMWA class but believes that the class exceeds 50 persons. Therefore, the class is so numerous that joinder of all members is impracticable.

45. At the time of the filing of this Complaint, neither Plaintiffs nor Plaintiffs' counsel knows of any litigation already begun by any members of the proposed class concerning the allegations in this Complaint.

46. Concentrating the litigation in this forum is highly desirable because Defendant does business in the Eastern District of Arkansas and because Plaintiffs and all proposed class members work or worked in Arkansas.

47. No difficulties are likely to be encountered in the management of the class.

48. The claims of Plaintiffs are typical of the claims of the proposed class in that Plaintiffs worked as a shift leader and were paid an hourly wage for Defendant and experienced the same violations of the AMWA that all other class members suffered.

49. Plaintiffs and their counsel will fairly and adequately protect the interests of the class.

50. Plaintiffs' counsel is competent to litigate Rule 23 class actions and other complex litigation matters, including wage and hour cases like this one, and to the extent, if any, that they find that they are not, they are able and willing to associate additional counsel.

51. Prosecution of separate actions by individual members of the class would create the risk of inconsistent or varying adjudications with respect to individual members of the class, establishing incompatible standards of conduct for Defendant.

### VI. FIRST CLAIM FOR RELIEF
(Individual Claims for Violations of the FLSA)

52. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as if fully set forth in this section.

53. Plaintiffs assert this claim for damages and declaratory relief pursuant to the FLSA.

54. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

55. At all relevant times, Defendant was Plaintiffs' "employer" within the meaning of the FLSA, 29. U.S.C. § 203.

56. 29 U.S.C. § 207 requires any enterprise engaged in commerce to pay all employees one and one-half (1.5) times their regular wage for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

57. Despite the entitlement of Plaintiffs to overtime payments under the FLSA, Defendant failed to pay Plaintiffs an overtime rate of one and one-half (1.5) times their regular rate of pay for all hours worked over forty (40) in each one-week period.

58. Defendant's failure to pay Plaintiffs overtime wages owed was willful, intentional, unreasonable, arbitrary and in bad faith.

59. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the past three (3) years.

60. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## VII. SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of FLSA)

61.  Plaintiffs repeat and re-allege all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

62.  Plaintiffs brings this collective action on behalf of all other shift leaders employed by Defendant to recover monetary damages owed by Defendant to Plaintiffs and members of the putative collective for unpaid overtime compensation for all the hours they worked in excess of forty (40) each week.

63.  Plaintiffs bring this action on behalf of themselves and all other shift leaders, former and present, who were and/or are affected by Defendant's willful and intentional violation of the FLSA.

64.  29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.

65.  Like Plaintiffs, other shift leaders regularly worked more than forty (40) hours in a week.

66.  Defendant failed to pay these shift leaders at the proper overtime rate for all hours worked in excess of forty (40) hours in a week, despite their entitlement thereto.

67.  Because these employees are similarly situated to Plaintiffs, and are owed overtime for the same reasons, the opt-in collective may be properly defined as:

**All hourly-paid shift leads within the past three (3) years.**

68.  Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

69. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiffs and all those similarly situated for, and Plaintiffs and all those similarly situated seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

70. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs and all those similarly situated as provided by the FLSA, Plaintiffs and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

### VIII. THIRD CLAIM FOR RELIEF
(Individual Claims for Violations of the AMWA)

71. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as if fully set forth in this section.

72. Plaintiffs assert this claim for damages and declaratory relief pursuant to the AMWA.

73. At all times relevant herein, Defendant was Plaintiffs' "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

74. Arkansas Code Annotated § 11-4-211 requires employers to pay all employees one and one-half (1.5) times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

75. Defendant failed to pay Plaintiffs a proper overtime premium for all hours worked in excess of forty (40) hours in a week as required under the AMWA.

76. Despite the entitlement of Plaintiffs to payment of lawful overtime payments under the AMWA, Defendant failed to pay Plaintiffs a lawful overtime premium.

77. Defendant's conduct and practices, as described above, was willful, intentional, unreasonable, arbitrary and in bad faith.

78. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for, and Plaintiffs seek, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorney's fees as provided by the AMWA.

79. Alternatively, should the Court find the Defendant acted in good faith in failing to pay Plaintiffs as provided by the AMWA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## IX.  FOURTH CLAIM FOR RELIEF
### (Class Action Claim for Violation of the AMWA)

80. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

81. Plaintiffs, each individually and on behalf of the members of the proposed class, assert this claim for damages and declaratory relief pursuant to the AMWA.

82. At all relevant times, Defendant has been an "employer" of Plaintiffs and the members of the proposed class within the meaning of the AMWA, Arkansas Code Annotated § 11-4-203(4).

83. Arkansas Code Annotated §§ 11-4-210 and 211 require employers to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half (1.5) times regular wages for all hours worked over forty (40)

hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

84. Defendant classified Plaintiffs and members of the proposed class as non-exempt from the overtime requirements of the AMWA.

85. Despite the entitlement of Plaintiffs and the members of the proposed class to overtime payments under the AMWA, Defendant failed to pay Plaintiffs and the members of the proposed class an overtime rate of one and one-half (1.5) times their regular rates of pay for all hours worked over forty (40) per workweek.

86. Plaintiffs propose to represent the AMWA liability class of individuals defined as follows:

**All hourly-paid shift leaders in Arkansas within the past three years.**

87. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

88. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs and the proposed class for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred within the three (3) years prior to the filing of this Complaint, plus periods of equitable tolling.

89. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs and members of the proposed class as provided by the AMWA, Plaintiffs and members of the proposed class are entitled to an award of prejudgment interest at the applicable legal rate.

## X. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Kinyatta Ringo and Ayonna Pennington, each individually and on behalf of all others similarly situated, respectfully pray that Defendant be summoned to appear and to answer herein and for the following relief:

A. That Defendant be required to account to Plaintiffs, the collective and class members, and the Court for all of the hours worked by Plaintiffs and the collective and class members and all monies paid to them;

B. A declaratory judgment that Defendant's practices alleged herein violate the FLSA and attendant regulations at 29 C.F.R. § 516 *et seq.*;

C. A declaratory judgment that Defendant's practices alleged herein violate the AMWA and the related regulations;

D. Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

E. Judgment for damages for all unpaid overtime compensation under the FLSA and attendant regulations at 29 C.F.R. §516 *et seq.*;

F. Judgment for damages for all unpaid overtime compensation under the AMWA and the related regulations;

G. Judgment for liquidated damages pursuant to the FLSA and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiffs and members of the collective and class members during the applicable statutory period;

H.  Judgment for liquidated damages pursuant to the AMWA and the relating regulations;

I.  An order directing Defendant to pay Plaintiffs and members of the collective and class pre-judgment interest, reasonable attorney's fees and all costs connected with this action; and

J.  Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**KINYATTA RINGO and AYONNA PENNINGTON, Each Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

_____
Chris Burks
Ark Bar No. 2010207
chris@sanfordlawfirm.com

_____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**KINYATTA RINGO and AYONNA**                                                    **PLAINTIFFS**
**PENNINGTON, Each Individually and on**
**Behalf of All Others Similarly Situated**

vs.                                          No. 4:18-cv-_715_

**CHECKERS DRIVE-IN RESTAURANTS, INC.**                           **DEFENDANT**

## CONSENT TO JOIN COLLECTIVE ACTION

I have been employed as an hourly-paid shift leader for Defendant Checkers Drive-In Restaurants, Inc., on or after September 26, 2015. I understand this lawsuit is being brought under the Fair Labor Standards Act for unpaid wages and other relief. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

I declare under penalty of perjury that the foregoing is true and correct.

_____
**AYONNA PENNINGTON**

Date: September 25, 2018

/s/ Josh Sanford
**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**One Financial Center**
**650 South Shackleford Road, Suite 411**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
josh@sanfordlawfirm.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**KINYATTA RINGO and AYONNA**  **PLAINTIFFS**
**PENNINGTON, Each Individually and on**
**Behalf of All Others Similarly Situated**

vs.                                No. 4:18-cv-*715*

**CHECKERS DRIVE-IN RESTAURANTS, INC.**       **DEFENDANT**

## CONSENT TO JOIN COLLECTIVE ACTION

I have been employed as an hourly-paid shift leader for Defendant Checkers Drive-In Restaurants, Inc., on or after September 26, 2015. I understand this lawsuit is being brought under the Fair Labor Standards Act for unpaid wages and other relief. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

I declare under penalty of perjury that the foregoing is true and correct.

_____
**KINYATTA RINGO**

Date: September 25, 2018

/s/ Josh Sanford
**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**One Financial Center**
**650 South Shackleford Road, Suite 411**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**